UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SHARON MCGRIFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| TYVE, LLC and CRAIG STEVENS, ) JR., | |
| ) | |
| Defendants. ) | |
| _____ / | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SHARON MCGRIFF ("Plaintiff" or "McGriff"), and files her Complaint against Defendants, TYVE, LLC ("TyVe") and Defendant CRAIG STEVENS, Jr. ("Stevens") (collectively "Defendants"), and in support states the following:

## NATURE OF THE CLAIMS

This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq.*, ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq.* ("FCRA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff due to her sex, and Defendant's assault and battery of Plaintiff, leading to Plaintiff's unlawful termination.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

2. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, McGriff is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Flagler County, Florida.

5. Defendant, TyVe, is a Florida Limited Liability Company with its principal place of business in Frisco, Texas.

6. Defendant Stevens is an individual who resides in this Judicial District.

7. Plaintiff worked for Defendant TyVe, at 4851 Belle Terre Parkway, Palm Coast, Florida 32137.

8. Defendant TyVe, is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On October 2, 2019, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sex and retaliation.

11. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

12. On February 26, 2021, as to Defendant, TyVe, the FCHR issued to Plaintiff a Notice of Determination: Reasonable Cause.

13. On May 13, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, Conciliation Failure.

14. This Complaint was filed within one year of the FCHR's issuance of its Determination of Reasonable Cause as to Defendant, TyVe and within ninety days of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

15. Plaintiff is female.

16. Plaintiff worked for Defendant as a Cashier.

17. Defendant targeted Plaintiff due to her sex as it did not treat male employees in the same manner.

18. Defendant permitted Stevens, who is male, to forcefully intimidate Plaintiff because she is a woman.

19. On or about August 5, 2019, Craig Stevens, Shift Manager, brutally beat Plaintiff.

20. On the afternoon of August 5, 2019, Plaintiff offered to drive Mr. Stevens home. During the drive to his residence, Mr. Stevens became irate and accused Plaintiff of stealing from him.

21. When Plaintiff reached Mr. Stevens' residence, she assured Mr. Stevens that she had not taken his property and invited him to search her car. Plaintiff stood back on Mr. Stevens' front lawn while he searched her car. Mr. Stevens did not find his property in Plaintiff's car – because she did not have it.

22. When Mr. Stevens did not find what he was looking for, Mr. Stevens rapidly approached Plaintiff, grabbed her by her hair, and threw her to the ground. At the time, Plaintiff was wearing a wig pinned to her natural hair, which Mr. Stevens ripped off Plaintiff's head.

23. Mr. Stevens stood over Plaintiff and repeatedly struck her in the face and head with closed fists.

24. When Mr. Stevens eventually stopped beating Plaintiff, Plaintiff was left bleeding profusely from hear head and face, her clothes soaked in her blood.

25. Plaintiff proceeded to call the police and Mr. Stevens was arrested on one count of aggravated battery.

26. On or about August 7, 2019, Plaintiff disclosed the details of the altercation with Mr. Stevens to Jorge Cordova, General Manager.

27. Mr. Cordova informed Plaintiff that she would still be required to work with Mr. Stevens.

28. Plaintiff explained to Mr. Cordova that she could not be within a certain distance of Mr. Stevens per the police officer who responded to the incident.

29. In response, Mr. Cordova stated "work with him or quit."

30. Thereafter, Defendant terminated Plaintiff's employment under pretext.

31. Defendant did not discipline or terminate Mr. Stevens.

32. Plaintiff has been damaged by Defendant's illegal conduct.

33. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
## Sex Based Discrimination in Violation of Title VII
## as to Defendant TyVe

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations states in Paragraphs 1-33 above.

35. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

36. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendant violated Title VII by terminating and discrimination against Plaintiff based on her sex.

38. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

39. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

40. Defendant's unlawful conduct in violation of Title VII is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II:
### Retaliation in Violation of Title VII
### as to Defendant TyVe

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-33 above.

42. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

43. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

44. Defendant's conduct violated Title VII.

45. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss or pay, benefits, and prestige for which she is entitled to damages.

46. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

47. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III:
### Sex Based Discrimination in Violation of the FCRA as to Defendant TyVe

48. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations states in Paragraphs 1-33 above.

49. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of her sex, female.

50. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

51. Defendant violated the FCRA by terminating and discrimination against Plaintiff based on her sex.

52. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

53. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

54. Defendant's unlawful conduct in violation of the FCRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV:
### Retaliation in Violation of the FCRA
### as to Defendant TyVe

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-33 above.

56. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

57. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

58. Defendant's conduct violated the FCRA.

59. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss or pay, benefits, and prestige for which she is entitled to damages.

60. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

61. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's protected rights, thereby entitling her to punitive damages.

### Count V:
### Vicarious Liability Under *Respondeat Superior*
### as to Defendant TyVe

62. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

63. Defendant is liable for the actions of Defendant's employee, Craig Stevens, under the doctrine of *respondeat superior*.

64. As a result of the actions of Defendant's employee, Plaintiff suffered discomfort, pain and suffering, psychological damage, mental anguish, and loss of capacity for enjoyment of life. Furthermore, Plaintiff was forced to incur hospital and/or medical expenses for the care and treatment of the injuries received in this incident.

### Count VI:
### Battery as to Defendant Stevens

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

66. Defendant intentionally, knowingly, or recklessly caused bodily injury to Plaintiff when Mr. Stevens grabbed Plaintiff's hair, forced Plaintiff to the ground, and repeatedly struck her head and face.

67. Mr. Stevens' intentional and deliberate contact with Plaintiff was harmful and offensive, resulting in wounds on Plaintiff's head and face, thereby entitling Plaintiff to an award of punitive damages.

68. As a result of the actions of Defendant's employee, Plaintiff suffered discomfort, pain and suffering, psychological damage, mental anguish, and loss of capacity for enjoyment of life. Furthermore, Plaintiff was forced to incur hospital and/or medical expenses for the care and treatment of the injuries received in this incident.

## Count VII:
## Assault as to Defendant Stevens

69. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

70. Mr. Stevens intended to create a well-founded fear of imminent harm to Plaintiff, and in fact, acted on that fear by actually and intentionally touching Plaintiff.

71. Plaintiff did actually have a well-founded fear of imminent harm which was created by Mr. Stevens.

72. As a result of the actions of Defendant's employee, Plaintiff suffered discomfort, pain and suffering, psychological damage, mental anguish, and loss of capacity for enjoyment of life. Furthermore, Plaintiff was forced to incur hospital and/or medical expenses for the care and treatment of the injuries received in this incident.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar Number: 99040
**Spielberger Law Group**

4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: († 866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*