## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SHARON MCGRIFF,

      Plaintiff,

v.                                              Case No. 3:21-cv-778-MMH-MCR

CRAIG STEVENS, JR. and
TYVE LP,

      Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion and Memorandum in Support of Default Judgment Against Defendant Craig Stevens, Jr. ("Motion") (Doc. 16) and Defendant TYVE, LP's Response in Opposition thereto ("Response") (Doc. 17).[2]  For the reasons stated herein, the

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

[2] The non-appearing Defendant who was defaulted, Craig Stevens, Jr., has not responded to the Motion and the time to do so has passed.

undersigned respectfully recommends that the Motion be **DENIED without prejudice**.

On August 11, 2021, Plaintiff Sharon McGriff commenced this action against Defendants Craig Stevens, Jr., Plaintiff's former supervisor, and TYVE, LP, Plaintiff's former employer.  (See Doc. 1.)  Plaintiff alleges that Defendant Stevens, Jr. battered and assaulted Plaintiff (counts I-V), and that her former employer Defendant TYVE, who also employed Defendant Stevens, Jr., wrongfully terminated her after the alleged attack.  (*Id.*)

After Defendant Stevens, Jr.  failed to appear or respond to the Complaint, Plaintiff moved for entry of a Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, which the Clerk entered on October 18, 2021.  (*See* Docs. 9 & 11.)  In her present Motion, Plaintiff seeks the entry of final default judgment against Defendant Craig Stevens, Jr. (Doc. 16.)  In its Response, Defendant TYVE argues that the entry of default judgment would be improper where Count V is still pending before the court and that entry of judgment could result in the entry of inconsistent judgments. (Doc. 17)

The undersigned agrees, and recommends that the entry of default judgment against Defendant Stevens, Jr. is premature and could result in the entry of inconsistent judgments.  Notably, as Defendant TYVE argues, Count V, vicarious liability under *respondeat superior*, is still pending in this case.

"[W]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants." *N. Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2021); *see also Armstrong v. Martin Marietta Corp.*, 93 F.3d 1505, 1509 (11th Cir. 1996) ("Although rule 54(b) permits the court, upon a party's motion for entry of final judgment, to direct final judgment as to one or more but fewer than all the parties in a class action where 'no just reason for delay exists,' the court is not required to enter final judgment in an action involving multiple parties.").

In sum, entering default final judgment against Defendant Stevens, Jr. at this stage raises the risk of inconsistent judgments as it concerns Defendant TYVE. Therefore, the undersigned recommends that the Motion be denied without prejudice to be refiled at the appropriate time.

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's Motion (**Doc. 16**) be **DENIED without prejudice** to be refiled at the appropriate time.

**DONE AND ENTERED** at Jacksonville, Florida, on May 9, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Craig Stevens, Jr.
4 Butterfly Pl.
Palm Coast, FL 32137